**Martha W. Williamson et al. v. D. P. Fleeger et al.**

TENANT IN COMMON—*right of, to remedy by injunction.* One owning no more than a one-tenth interest in land may maintain an action for injunction to prevent total dispossession from the estate.

Bill for injunction. Appeal from the Circuit Court of Crawford

county; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1907. Reversed and remanded. Opinion filed September 10, 1907.

PARKER & NEWLIN and PARKER & CROWLEY, for appellants.

CALLAHAN, JONES & LOWE, EAGLETON, BAKER & WESNER, and BRADBURY & MACHATTON, for appellees.

PER CURIAM. This is an appeal from an order made by a judge in chambers dissolving a temporary injunction issued upon application of complainants to restrain the defendants from drilling an oil or gas well upon certain premises described.

It is alleged in the bill that complainants (appellants) are the owners of a small tract or strip of land of about five acres lying immediately west of the line between the east half and the west half of the southeast quarter of sec. 31, T. 8 N., R. 12 W., and that they were in possession of and occupied as a homestead the said premises; that the defendants (appellees) entered upon said premises with a drilling machine and threatened to drill an oil and gas well and to take and remove the oil and gas thereunder. By answer filed the defendants deny the ownership, right and possession of the complainants in and to the premises and admit the entry and purpose to drill for oil and gas, claiming ownership and lawful right to go upon the land.

The controlling and ultimate question to be decided under the issues made by bill and answer is whether or not the complainants own the land in controversy or were in actual possession of the same when entry was made by the defendants. Affidavits by a number of witnesses were filed in support of opposing contentions as to the ownership and possession, but the case has not been heard upon the merits, nor is it yet before us for that purpose; we therefore refrain from

a discussion of the affidavits presented on motion to dissolve the injunction. In our opinion, the showing made by the bill and affidavits in support thereof was sufficient to authorize the temporary injunction, and that the showing made on motion to dissolve the injunction did not justify the order. Under the facts, circumstances and peculiar conditions found in this case, the injunction should be continued until the title to the land and the rights of the parties can be determined by hearing upon evidence taken before the court or master.

The only deed exhibited shows conveyance from Anna Buff to complainant, Martha E. Williamson. By mistake, not disputed, the land described in the deed is located in the southwest quarter of sec. 31, instead of the southeast quarter, as it should have been. With this deed corrected as to the description and considered in connection with all the affidavits appearing of record, the complainant, Martha E. Williamson, is, to say the least, owner of record as tenant in common with the Lionberger heirs of an undivided one-tenth of the land in controversy. If her interest is no more than one-tenth as a tenant in common, it was quite sufficient to justify the injunction, for in such case, the appellees had no legal right to exclude her from the possession and appropriate the entire estate, which was their admitted purpose. The bill, no less than the answer, was supported by affidavits, and the decision found in Parkinson v. Trousdale, 3 Scam. 368, cited by appellees, has no application. The order dissolving the injunction is reversed and the cause remanded.

*Reversed and remanded.*